

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Bayne Satterfield
Firemen's Pension Commissioner
P. O. Box 1062
Austin, Texas

Dear Sir:

        Opinion No. O-5878
        Re: Payment under Section 12
        of Article 6243e, V.A.C.S.,
        of death allowance to widow
        of a deceased volunteer
        fireman under stated cir-
        cumstances.

        Your opinion request of February 17, 1944, reads as follows:

        "One of the local Boards of Trustees operat-
ing under the provisions of Article 6243-e, Ver-
non's Revised Civil Statutes of Texas, has re-
quested an opinion from your department on the
following question:

        "May it grant death allowance to a widow -
as provided in Section 12 of the Act - whose hus-
band came into the setup as a participating mem-
ber in 1937 when the Act became effective, paid
his dues into the Fund for that year but who died,
not in nor in consequence of the performance of
his duties as a fireman, on April 8th, 1938. At
the time of his death he had served actively on
that department for a period of thirty years, elev-
en months, and 30 days, and was sixty five years,
five months, and 7 days of age. He was a volun-
teer fireman."

        Section 12 of Article 6243e, V.A.C.S., provides in
part as follows:

... IS TO BE CONS... ... ...ENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Bayne Satterfield, Page 2

"If any member of any department, as herein
defined, who has been retired on allowance because
of length of service or disability, shall there-
after die from any cause whatsoever; or if while
in service, any member shall die from any cause
growing out of and/or in consequence of the per-
formance of his duty; or shall die from any cause
whatsoever after he has become entitled to an al-
lowance or pension certificate and shall leave sur-
viving a widow, a child or children under the age
of eighteen (18) years or a dependent parent, said
Board of Trustees shall order paid a monthly allow-
ance as follows: . . . ."

It will be noticed that this section establishes the
following three sets of circumstances under which death allow-
ances may be paid:

(a)  Death from any cause after retirement.
(b)  Death while in service as a consequence
      of the performance of duty.
(c)  Death from any cause while entitled to
      an allowance or pension certificate.

Section 6 of the above cited Act provides in part as
follows:

"On and after the 1st day of April, A. D.
1939, any person who has been duly appointed and
enrolled, and who has attained the age of fifty-
five (55) years and who has served actively for a
period of twenty (20) years in some regularly or-
ganized fire department in any city or town in this
State now within or that may come within the pro-
visions of this Act, in any rank, whether as whol-
ly paid, part paid or volunteer firemen shall be
entitled to be retired from such service or depart-
ment and shall be entitled to be paid from the Fire-
men's Relief and Retirement Fund of that city or
town, a monthly pension . . . "

Section 14 provides for the granting of a certificate
of pension to "any fireman possessing the qualifications and
being eligible for voluntary retirement, but who shall elect to

Honorable Payne Satterfield, Page 3

continue in the service of such fire department."

Since the fireman in question died on April 8, 1938, he could not have been retired for length of service at the time of his death; inasmuch as your letter does not state that he was then retired for disability, we assume that he was not in fact so retired and, consequently, that his death does not fall under class (a) above. The facts stated in your letter preclude the applicability of class (b).

Class (c) requires death "after" the fireman has "become entitled to an allowance or pension certificate." At the date of the death of the fireman in question, he was not entitled to an allowance, since such date was prior to April 1, 1939. Moreover, since his death was prior to April 1, 1939, the fireman was not "eligible for voluntary requirement" and thus was not entitled to a certificate of pension under Section 14. Consequently, we are forced to conclude that the death of the fireman in question is comprehended by none of the classes contained in Section 12, and that a death allowance may not be paid to his widow. Your question is therefore answered in the negative.

Trusting that the foregoing fully answers your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead

R. Dean Moorhead
Assistant

MAR 3 1944
G. J. Blackburn
ATTORNEY GENERAL OF TEXAS

RDM:ff


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN